# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **MORGAN KENNETH LEE**, | : |
| Plaintiff, | : Case No.: 1:12-CV-108 (WLS) |
| v. | : |
| **Nurse WILLIAMS**, **Dr. AYERS, and** **Dr. SHARON LEWIS,** | : |
| Defendants. | : |

## ORDER

Before the Court is a Recommendation (Doc. 7) from United States Magistrate Judge Thomas Q. Langstaff, filed August 28, 2012. The Recommendation concerns a complaint filed by Plaintiff Morgan Kenneth Lee, pursuant to 42 U.S.C. § 1983, alleging claims for relief against Defendants Nurse Williams, Dr. Ayers and Dr. Sharon Lewis. (Docs. 1, 6). In his Complaint, Plaintiff alleges that the aforementioned defendants acted with deliberate indifference to his serious medical conditions. (*See generally id.*)

On August 6, 2012, Judge Langstaff ordered that Plaintiff be permitted to proceed *in forma pauperis*. (Doc. 7). However, Judge Langstaff found that Plaintiff's initial complaint was missing the page upon which Plaintiff should have set forth his claims and allegations against the three named Defendants. (*Id.* at 1). Thus, Judge Langstaff requested that Plaintiff supplement his complaint to include allegations related to his claims of deliberate indifference on the part of the three named defendants. (*Id.* at 1-2). On August 15, 2012, Plaintiff filed a supplement to his

1

complaint. (Doc. 6).

On August 28, 2012, Judge Langstaff recommended that Plaintiff's request that Defendants be prosecuted and that he "be returned to parole ASAP" be dismissed from this action. (Doc. 7 at 4). Judge Langstaff concluded that the Court has no authority to provide any of the aforementioned relief. (*Id.*) Judge Langstaff also recommended that Dr. Sharon Lewis, Medical Director for the Georgia Department of Corrections, be dismissed from Plaintiff's suit. (*Id.* at 5). Judge Langstaff noted that Plaintiff merely alleged that Dr. Lewis "confirmed all denials," an allegation that, without more, is insufficient to state a claim for supervisory liability under § 1983. (*Id.*) Judge Langstaff nevertheless recommended that Plaintiff's claims against Defendants Williams and Ayers be permitted to proceed. (*Id.* at 6).

Judge Langstaff informed Plaintiff that the period within which to file a written objection to the Recommendation would expire on September 11, 2012. (*Id.* at 4-6). However, Plaintiff did not file a written objection until September 12, 2012, one day after the deadline. (*See* Doc. 11). Thus, this Court finds that Plaintiff's Objection is untimely. However, the Court will nonetheless address Plaintiff's Objection. In his Objection, Plaintiff objects to Judge Langstaff's recommendation that Dr. Lewis be dismissed from the suit. (*Id.*) Per Plaintiff, records show that Dr. Lewis performed a physical on Plaintiff in 2010 when Plaintiff was incarcerated at Johnson State Prison ("JSP"), and as such, she was aware of various medical ailments. (*Id.* at 1). However, the events giving rise to the allegations in this complaint took place beginning January 2012 at Calhoun State Prison ("CSP"). (Doc. 6 at 5). Specifically, Dr. Lewis did not deny Plaintiff's grievance until May 2012, according to Plaintiff. (*Id.* at 4). Nonetheless, Plaintiff contends that Dr. Lewis should not be dismissed since Dr. Lewis reinstated

2

Plaintiff's pain medication, physical therapy, and diet, and stated that Plaintiff would never walk again without the assistance of a walker or a cane, when she treated him at JSP.  (*Id.* at 1-2).  After reviewing Plaintiff's objection, this Court **ACCEPTS** Judge Langstaff's Recommendation.

To start, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).  To state a claim for supervisory liability under § 1983, a plaintiff must either allege 1) that the supervisor personally participated in the alleged constitutional violation or 2) that a causal connection existed between the actions of the supervising officials and the alleged constitutional deprivation.  *Id.* (describing the instances when a supervisor can be held liable under § 1983).  With regard to the second prong, a causal connection can be established when either one of the following is present: 1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so" or 2) "the supervisor's improper custom or policy results in deliberate indifference to constitutional rights."  *Id.* (additional citations and quotations omitted).  To be actionable, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  *Id.* (citations omitted).

A review of Plaintiff's initial complaint, supplement to his complaint, and written objection indicate that Plaintiff has alleged none of the above in the instant case.  Plaintiff has merely alleged that Dr. Lewis denied his grievance and has bolstered this claim with facts relating to Dr. Lewis's alleged knowledge of his medical conditions

3

gleaned from her treatment of Plaintiff during his stay at a *different* prison two years *before* his arrival at CSP.  (Doc. 11 at 1).  However, the additional allegations made by Plaintiff relating to Dr. Lewis's specific knowledge of his medical conditions do not establish any allegations of a "history of widespread abuse" that put Dr. Lewis "on notice of the need to correct the alleged deprivation."

Plaintiff does not allege that Dr. Lewis personally participated in the alleged efforts to preclude him from receiving medical care, which Dr. Lewis interfered with his treatment in any way, or that as Medical Director, Dr. Lewis had a policy or practice that encouraged the alleged deprivation of proper medical attention to Plaintiff.  *See Nichols v. Burnside*, No. 5:11-cv-116, 2011 WL 2036709, at *3 (M.D. Ga. Apr. 21, 2011) (dismissing claim of supervisory liability for denial of a grievance as against prison warden since "[p]laintiff ma[de] no allegation that [warden] attempted to prevent plaintiff from receiving proper medical care, that [warden] interfered with treatment in any way, or that a policy or practice of [warden's] was a moving force behind the alleged deprivation of proper medical attention to plaintiff"), *adopted by* No. 5:11-cv-116, 2011 WL 2020662 (M.D. Ga. May 24, 2011).  Stated in other words, filing the grievance with Dr. Lewis alleging a denial of medical care is "simply insufficient to establish direct participation."  *Weems v. St. Lawrence*, No. 4;09-cv-65, 2009 WL 2422795, at *4 n.7 (S.D. Ga. Aug. 6, 2009).  At best, Plaintiff has alleged an isolated incident (denial of a grievance) against Dr. Lewis, which is insufficient for avoiding dismissal.  *See Owens v. Leavins*, No. 5:05-cv-228, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006) ("Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is

4

denied.")

Additionally, though Plaintiff alleges that Dr. Lewis conducted one of his physicals and reinstated his medical restrictions and treatment plans, Plaintiff has still failed to allege that Dr. Lewis should be held liable under § 1983.  The Court again notes that this physical took place at another prison, two years before the incident giving rise to this suit.  Plaintiff cannot bootstrap any observations made during this physical to show that Dr. Lewis's denial of a grievance two years later demonstrates that she should be held liable as a supervisor under § 1983.  Plaintiff has failed to allege that Dr. Lewis knew about the alleged denial of any medical care, or anything to this effect.  Thus, although Dr. Lewis may have conducted a physical of Plaintiff in the past, her denial of Plaintiff's grievance, when later acting in a supervisory capacity, does not by itself implicate deliberate indifference to a constitutional right.  Therefore, Plaintiff has failed to proffer any facts, via his pleadings, to allege a claim for supervisory liability against Dr. Lewis.  Accordingly, this Court agrees that Dr. Lewis should be dismissed.

This Court has fully reviewed and considered the record.  Having found that Plaintiff's objections to the Magistrate's findings with regard to the dismissal of Dr. Lewis are meritless, and Petitioner having not objected to the remaining findings in the Magistrate's August 28, 2012 Recommendation (Doc. 7), this Court finds that said Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, to the extent the same is consistent with this Order, for reason of the findings made and conclusions stated therein together with the findings made, reasons stated and conclusions reached herein. Accordingly, Plaintiff's objection (Doc. 11) is **OVERRULED**; Plaintiff's request that Defendants be prosecuted and that he be returned to parole is dismissed from this action; and Plaintiff's claims against Defendant

Dr. Sharon Lewis are hereby **DISMISSED.** Plaintiff may only proceed with his § 1983 claims against Defendants Nurse Williams and Dr. Ayers.

    **SO ORDERED**, this  12th   day of October, 2012.

                                            /s/ W. Louis Sands
                                            **THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**